# EXHIBIT A

| STATE OF WISCONSIN | CIRCUIT COURT | MONROE COUNTY |
|---|---|---|

MINERALS DEVELOPMENT & SUPPLY
COMPANY, INC.,
an Illinois Corporation
2152 W. Roscoe Street
Chicago, Illinois 61618

      HON. MICHAEL J. McALPINE
      Branch II

      Plaintiff,

vs.

      Case No. 10CV428

HUNTON & WILLIAMS LLP,
a Washington D.C. Limited
Liability Partnership
1900 K Street Northwest
Washington, D.C. 20006

      Case Code: 30301

INSIGHT EQUITY HOLDINGS, LLC,
a Texas Limited Liability Company
1400 Civic Place
Southlake, Texas 76092

INSIGHT EQUITY LP
a Texas Limited Partnership
1400 Civic Place
Southlake, Texas 76092;

      FILED
      JUL 30 2010

      Defendants.

**SUMMONS**

**STATE OF WISCONSIN**

To each person named above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint which is attached, states the nature and basis of the legal action.

    Within twenty (20) days of receiving this Summons, (45 days if you are the State of Wisconsin or an insurance company, 60 days if you are the United States of America), you must respond with a written

DELIVERED 8-10-10
BY

answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the Statutes. The answer must be sent or delivered to the Court, whose address is: Monroe County Clerk of Circuit Court, 112 S Court Street, Sparta, WI 54656, and to Howard, Solochek & Weber, S.C., Plaintiff's attorney, whose address is: 324 E. Wisconsin Avenue, Ste. 1100, Milwaukee, WI 53202, and telephone number is 414-272-0760. You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, (45 days if you are the State of Wisconsin or an insurance company, 60 days if you are the United States of America) the Court may grant judgment against you for the award of money or other legal action requested in the Complaint; and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future any may also be enforced by garnishment or seizure of property.

Dated this 29th day of July, 2010.

By: _____
HOWARD, SOLOCHEK & WEBER, S.C.
Albert Solochek
State Bar No. 1011075

KONICEK & DILLON, P.C.
Daniel F. Konicek
James P. Lynch

Attorneys for Plaintiff

Howard Solochek & Weber, SC
324 East Wisconsin Avenue, Suite 1100
Milwaukee, WI 53202
(414) 272-0760

Konicek & Dillon, P.C.
Daniel F. Konicek
James P. Lynch
21 West State Street
Geneva, IL 60134
Phone: (630) 262-9655

FILED

AUG 3 0 2010

| STATE OF WISCONSIN | CIRCUIT COURT | MONROE COUNTY |

HON. MICHAEL J. McALPINE
Branch II

MINERALS DEVELOPMENT & SUPPLY
COMPANY, INC.,
an Illinois Corporation
2152 W. Roscoe Street
Chicago, Illinois 61618

      Plaintiff,

      vs.

Case No. 10CV428

HUNTON & WILLIAMS LLP,
A Washington D.C. Limited
Liability Partnership
1900 K Street Northwest
Washington, D.C. 20006

Case Code: 30301

INSIGHT EQUITY HOLDINGS, LLC,
A Texas Limited Liability Company
1400 Civic Place
Southlake, Texas 76092

INSIGHT EQUITY LP
A Texas Limited Partnership
1400 Civic Place
Southlake, Texas 76092;

FILED
AUG 30 2010

      Defendants.

---

## COMPLAINT

---

NOW COMES the Plaintiff, MINERALS DEVELOPMENT & SUPPLY COMPANY, INC.,

hereinafter referred to as "MDSC", by its attorneys, HOWARD, SOLOCHEK & WEBER, S.C.

1

and KONICEK & DILLON, P.C., and as and for its Complaint against the Defendants, HUNTON & WILLIAMS, LLP, hereinafter referred to as "Hunton", INSIGHT EQUITY HOLDINGS, LLC and INSIGHT EQUITY LP, hereinafter collectively referred to as "Insight Equity", states as follows:

## PARTIES

1. MDSC is an Illinois corporation with offices located in Chicago, Illinois at 2152 W. Roscoe Street, Chicago, Illinois 61618.

2. HUNTON is a Washington, D.C. limited liability partnership with offices in the United States, Europe and Asia. Its principal place of business is located in Richmond, Virginia at Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219. Hunton's primary business is to provide legal services to clients.

3. INSIGHT EQUITY HOLDINGS, LLC is a domestic limited liability company in Texas with offices and its principal place of business is located in Southlake, Texas at 1400 Civic Place, Southlake, Texas, 76092. "Insight Equity" collectively is a private equity firm that makes investments in "middle market companies underperforming to their full potential."

4. INSIGHT EQUITY LP is a domestic limited partnership also in Texas with offices and its principal place of business located in Southlake, Texas at 1400 Civic Place, Southlake, Texas, 76092. "Insight Equity" collectively is a private equity firm that makes investments in "middle market companies underperforming to their full potential."

5. SUPERIOR SILICA SANDS, LLC, hereinafter referred to as "Superior" is a Texas limited liability corporation with offices located Southlake, Texas. Insight Equity is the parent owner and operator of Superior.

6. WILDCAT COMPANIES II LLC, hereinafter referred to as "Wildcat" is a Wisconsin limited liability corporation and as of all relevant times referenced herein had an office located in Monroe County, Wisconsin.

## UNDERLYING FACTS

7. Plaintiff readopts and re-alleges paragraphs 1 – 6 herein.

8. On February 13, 2009, MDSC and Superior entered into an Exclusive Supply Agreement, hereinafter the **"MDSC Contract"**, by and through which MDCS agreed to sell to Superior and Superior agreed to purchase 6,750,000 tons of raw material for the production of frac sand. The MDSC Contract provides jurisdiction, venue and choice of law provisions to be that of the State of Wisconsin. The MDSC contract was to be performed in Monroe County, Wisconsin, where the mining property lies.

9. "Frac" sand is sand intended to be pumped into oil and gas wells for the purpose of reservoir stimulation, gravel packing, well bore sand control and sand plugs.

10. On February 12, 2009, MDSC and Wildcat entered into an Exclusive Supply Agreement, hereinafter the **"Wildcat Contract"**, by and through which Wildcat agreed to sell to MDSC 6,750,000 tons of raw material for the production of frac sand. Thereby, creating a supply chain. The Wildcat Contract provides jurisdiction, venue and choice of law provisions to be that of the State of Wisconsin. The Wildcat contract was to be performed in Monroe County, Wisconsin, where the mining property lies.

11. At all relevant times the Hunton firm represented Superior in matters concerning both of these Contracts.



3

12. On August 1, 2009, Superior purportedly terminated its Contract with MDSC (the MDSC Contract) in order to enter into negotiations directly with Wildcat, thereby disrupting the supply chain.

13. On August 6, 2009, the Hunton lawyers notified Wildcat's counsel that Wildcat must terminate its Contract with MDSC (the Wildcat Contract), if Wildcat wanted to do business directly with Superior.

14. On August 11, 2009, MDSC notified Wildcat that it was meeting with a new customer in Texas on August 12, 2009.

15. On August 12, 2009, the negotiations between Wildcat and Superior broke down over a disagreement about the termination of the Wildcat Contract. Wildcat's counsel did not believe formal notice of termination was required, but the attorneys at defendant Hunton took the position that Wildcat must send formal notice of termination to MDSC.

16. On August 13, 2009, Hunton sent a letter to Wildcat's attorney indicating that no further negotiations would occur until Wildcat confirmed it could negotiate without the restrictions of its pre-existing contract. Hunton made the new "Superior-Wildcat" Contract expressly contingent on the termination of the Wildcat Contract.

17. Ultimately, Hunton's strong arm tactics, as attorneys for Superior, were successful. As counsel for Superior, the attorneys at Hunton were able to convince Wildcat to terminate their existing contract with MDSC, the Wildcat Contract, on August 14, 2009.

4

FILED

[illegible date stamp]

## COUNT I
## TORTIOUS INTERFERENCE WITH A CONTRACT—HUNTON & WILLIAMS, LLP

18. Plaintiff readopts and re-alleges paragraphs 1 through 17, herein.

19. On August 17, 2009, Wildcat's attorney promptly sent the letter requested by Superior's counsel—defendant Hunton—confirming that Wildcat no longer had any contractual restrictions preventing a new deal with Superior.

20. On August 19, 2009, Superior signed a new contract with Wildcat, through the assistance of their attorneys at Hunton. The effect was to establish a new supply chain, without MDSC, that provided for the shipment of the same frac sand to the same location. The Hunton attorneys' conduct unquestionably interfered with MDSC's contractual relationship with Wildcat.

21. Based upon information and belief, Hunton's demand that Wildcat must terminate its contact with MDSC, the Wildcat Contract, was done without authority from Superior.

22. Hunton was aware of the MDSC's separate contract with Wildcat.

23. Despite having knowledge of MDSC's contract, Hunton has intentionally interfered with MDSC's Contract with Wildcat.

24. As a result of Hunton's actions, MDSC has suffered damages in an amount in excess of $50,000.00 to be determined at trial or by motion.

25. In addition, MDSC also seeks punitive damages pursuant to Wisconsin Statute §895.043(3) as defendant Hunton has acted maliciously towards the plaintiff with an intentional disregard of plaintiff's rights.

## COUNT II
## AIDING AND ABETTING THE COMMISSION OF A TORT—ALL DEFENDANTS

26. Plaintiff readopts and re-alleges paragraphs 1 through 25, herein.

27. On August 19, 2009, Superior signed a new contract with Wildcat. The effect was to establish a new supply chain, without MDSC, that provided for the shipment of the same frac sand to the same location.

28. Defendant Hunton and its attorneys were the driving force behind Superior first terminating their existing contract with plaintiff MDSC and then forcing Wildcat to terminate its existing contract with MDSC.

29. Defendant Insight Equity and Mr. Victor Vescovo of Insight Equity (and Superior) had previously acknowledged a fiduciary duty to make the best long term decisions on behalf of Superior and its supply chain partners, i.e. MDSC.

30. Mr. Vescovo, on behalf of Insight Equity, previously assured MDSC that Insight Equity professionals were "putting our money where our mouth is" and "demonstrating our continuing and long-term belief in the supply chain."

31. Instead, Mr. Vescovo, along with Mr. Brandon Bethea of Superior, worked with Hunton's lawyers to terminate the existing contract with MDSC.

32. In turn, Insight Equity through Superior entered into the new contract with Wildcat on August 19, 2009, through the efforts of Mr. Vescovo.

33. Defendants Hunton and Insight Equity assisted and aided Superior in their scheme to terminate Wildcat's relationship with MDSC and cut plaintiff MDSC out of the supply chain as a result of this new contract with Wildcat.

FILED

AUG 3 0 2010

6

34. Hunton and Mr. Vescovo of Insight Equity intended to intimidate plaintiff MDSC as an aid to their tortious interference of Wildcat's contracts with MDSC, as counsel for Superior.

35. Wisconsin law recognizes that when an attorney and/or law firm engages in conduct which they know or should know is intended to further the tortious conduct of another, that law firm may be found liable and should be found liable for aiding and abetting the commission of tortious interference.

36. The chronology unequivocally establishes that Sean Ducharme, Jeffery Edwards, Kimberly Magee, and numerous other lawyers with defendant Hunton & Williams, LLP. knew of the contract between MDSC and Wildcat and systematically aided and abetted Wildcat in terminating their existing contract with MDSC to the benefit of their firm and their client, Superior.

37. Further, Insight Equity was extensively aware of the contract between MDSC and Wildcat and systematically aided and abetted Wildcat in terminating their existing contract with MDSC to the benefit of their firm and their client, Superior.

38. As a result of both Hunton and Insight Equity's actions, MDSC has suffered damages in an amount in excess of $50,000.00 to be determined at trial or by motion.

39. In addition, MDSC also seeks punitive damages pursuant to Wisconsin Statute §895.043(3) as defendants Hunton and Insight Equity have acted maliciously towards the plaintiff with an intentional disregard of plaintiff's rights.



## COUNT III
## CIVIL CONSPIRACY—HUNTON & WILLIAMS, LLP (referenced in section 134.01 of the Wisconsin Statutes)

40. Plaintiff readopts and re-alleges paragraph 1 – 39 herein.

41. MDSC asserts that defendant Hunton, as counsel for Superior, engaged in an unlawful conspiracy to cut MDSC out of the supply chain and tortiously interfere with MDSC's contract with Wildcat.

42. MDSC has learned that Superior and Wildcat have negotiated and executed new agreements which create a supply chain that does not include MDSC. The material terms of those new agreements were negotiated prior to Wildcat's decision to terminate its agreement with MDSC on August 14, 2009.

43. Attorneys at the Hunton firm were pervasively involved in advising Superior with respect to every aspect of its involvement in the old and new supply chains, as well as with Superior's efforts to initially and continuously obtain funding from its lenders.

44. Moreover, Hunton lawyers conspired with Superior to have Wildcat terminate its relationship with MDSC and enter into a new agreement directly with Superior.

45. With regard to the initial supply chain, attorneys for defendant Hunton were directly involved with the 2009 agreements.

46. Hunton lawyers were directly involved in Superior's efforts to obtain insurance and funding for its operations, both before and after execution of the February 2009 agreements. Many of the term sheets used to request funding in the second supply chain of August of 2009 specifically reference Wildcat, and appear contingent upon Superior obtaining a new contract with Wildcat.

8

47. The result of this conspiracy, the new Superior-Wildcat contract, was based on the collective collusion and effort of the defendant Hunton and its client, Superior.

48. Attorneys from Hunton, including Sean Ducharme, Jeffery Edwards, Kimberly Magee, were deeply involved in the efforts to cut MDSC out of the supply chain.

49. Based upon the unlawful conspiracy between Hunton and Superior to cut MDSC out of the supply chain, plaintiff has suffered damages.

50. As a result of Hunton's actions, MDSC has suffered damages in an amount in excess of $50,000.00 to be determined at trial or by motion.

51. In addition, MDSC also seeks punitive damages pursuant to Wisconsin Statute §895.043(3) as defendant Hunton has acted maliciously towards the plaintiff with an intentional disregard of plaintiff's rights.

**WHEREFORE**, Plaintiff Minerals Development & Supply Company, Inc. requests judgment as follows:

A. COUNT I: For a money judgment in favor of Minerals Development & Supply Company, Inc. and against the Defendant, HUNTON & WILLIAMS LLP, in an amount in excess of $50,000.00 to be determined at trial or by motion, and for all other relief that this Court deems just and necessary.

B. COUNT II: For a money judgment in favor of Minerals Development & Supply Company, Inc. and against Defendants HUNTON & WILLIAMS LLP, INSIGHT EQUITY HOLDINGS, LLC and INSIGHT EQUITY LP, in an amount in excess of $50,000.00 to be

FILED

determined at trial or by motion, and for all other relief that this Court deems just and necessary.

C.   COUNT III:   For a money judgment in favor of Minerals Development & Supply Company, Inc. and against the Defendant, HUNTON & WILLIAMS LLP, in an amount in excess of $50,000.00 to be determined at trial or by motion, and for all other relief that this Court deems just and necessary.

Dated: July 29, 2010

MINERALS DEVELOPMENT & SUPPLY
COMPANY, INC., an Illinois corporation

By: *[signature: Albert Solochek]*

HOWARD SOLOCHEK & WEBER, S.C.
Albert Solochek
State Bar No. 1011075

KONICEK & DILLON, P.C.
Daniel F. Konicek
James P. Lynch

Daniel F. Konicek
James P. Lynch
KONICEK & DILLON, P.C.
21 West State Street
Geneva, IL 60134
Phone: (630) 262-9655

Albert Solochek
Howard, Solochek, & Weber S.C.
324 E. Wisconsin Ave.
Suite 1100
Milwaukee, WI 53202

FILED

 2010

| STATE OF WISCONSIN | CIRCUIT COURT | MONROE COUNTY |

MINERALS DEVELOPMENT & SUPPLY
COMPANY, INC.
An Illinois Corporation

        Plaintiff,      Case No. 2010CV 428

-vs-

HUNTON & WILLIAMS, LLP,
INSIGHT EQUITY HOLDINGS, LLC
INSIGHT EQUITY, LP

        Defendants,    FILED

                  JUL 30 2010

## MOTION FOR ADMISSION PRO HAC VICE

### MOTION

Plaintiff, by its attorneys, Howard, Solochek, & Weber, S.C., hereby moves this Court to admit Daniel F. Konicek to practice and represent the Plaintiff in this matter for the purpose of litigating the above-captioned lawsuit, <u>Pro Hac Vice</u> and in support of its motion states as follows:

1. Daniel F. Konicek is an attorney duly licensed to practice law in the State of Illinois since 1990.

2. Daniel F. Konicek is admitted to practice before all State Courts of Illinois since 1990.

3. Daniel F. Konicek is admitted to the United States District Court for the Northern

District of Illinois since 1990.

4. Daniel F. Konicek is in good standing to practice before each of the above jurisdictions.

5. Daniel F. Konicek has never been subject to any disciplinary proceedings by any state bar, court or administrative body.

6. Daniel F. Konicek has previously applied for Pro Hac Vice admission in Wisconsin.

WHEREFORE, Daniel F. Konicek, attorney for Plaintiff, along with local counsel for the Defendant, Howard, Solochek, & Weber, S.C., hereby moves the Court to admit Daniel F. Konicek to practice and represent the Plaintiff in this matter for the purpose of litigating the above-captioned lawsuit, Pro Hac Vice.

Dated this 29th day of July, 2010.

HOWARD, SOLOCHEK, & WEBER, S.C.
Attorneys for Defendant

By: _____
Albert Solochek
State Bar No. 1011075

P.O. Address:
324 East Wisconsin Avenue, Suite 1100
Milwaukee, WI 53202
(414) 272-0760 (phone)
(414) 272-7265 (facsimile)
alsolochek@hswmke.com-E-Mail

FILED
JUL 3 0 2010

STATE OF WISCONSIN         CIRCUIT COURT         MONROE COUNTY

MINERALS DEVELOPMENT & SUPPLY
COMPANY, INC.
An Illinois Corporation

                      Plaintiff,                  Case No. 2010CV 428

-vs-

HUNTON & WILLIAMS, LLP,
INSIGHT EQUITY HOLDINGS, LLC
INSIGHT EQUITY, LP

                      Defendants,

### ORDER GRANTING MOTION TO APPEAR PRO HAC VICE

This matter is before the court on motion of Albert Solochek, who is an active member of the State Bar of Wisconsin, to allow Daniel F. Konicek to appear Pro Hac Vice in the above entitled action, in association with Albert Solochek.

**NOW THEREFORE, IT IS ORDERED**, that:

1. Daniel F. Konicek is granted permission to appear and participate in this court in the above entitled action in association with Albert Solochek;

2. Daniel F. Konicek shall abide by the rules of professional conduct for attorneys, and the rules of decorum of the court.

Dated: July 30, 2010

FILED
AUG 02 2010
Clerk of Circuit Court
Monroe County Wisconsin

By the Court,

/s/ Michael J. McAlpine

Circuit Court Judge

STATE OF WISCONSIN        CIRCUIT COURT        MONROE COUNTY

MINERALS DEVELOPMENT & SUPPLY
COMPANY, INC.
An Illinois Corporation

                Plaintiff,        Case No. 2010CV 428

-vs-

HUNTON & WILLIAMS, LLP,
INSIGHT EQUITY HOLDINGS, LLC
INSIGHT EQUITY, LP

                Defendants,

## MOTION FOR ADMISSION PRO HAC VICE

### MOTION

Plaintiff, by its attorneys, Howard, Solochek, & Weber, S.C., hereby moves this Court to admit James P. Lynch to practice and represent the Plaintiff in this matter for the purpose of litigating the above-captioned lawsuit, Pro Hac Vice and in support of its motion states as follows:

1.    James P. Lynch is an attorney duly licensed to practice law in the State of Illinois since 2007.

2.    James P. Lynch is admitted to practice before all State Courts of Illinois since 2007.

3.    James P. Lynch is admitted to the United States District Court for the Northern

District of Illinois since 2008.

4. James P. Lynch is in good standing to practice before each of the above jurisdictions.

5. James P. Lynch has never been subject to any disciplinary proceedings by any state bar, court or administrative body.

6. James P. Lynch has never applied for <u>Pro Hac Vice</u> admission in Wisconsin.

WHEREFORE, James P. Lynch, attorney for Plaintiff, along with local counsel for the Defendant, Howard, Solochek, & Weber, S.C., hereby moves the Court to admit James P. Lynch to practice and represent the Plaintiff in this matter for the purpose of litigating the above-captioned lawsuit, <u>Pro Hac Vice</u>.

Dated this 29th day of July, 2010.

                                  HOWARD, SOLOCHEK, & WEBER, S.C.
                                  Attorneys for Defendant

                                  By: _____
                                  Albert Solochek
                                  State Bar No. 1011075

P.O. Address:
324 East Wisconsin Avenue, Suite 1100
Milwaukee, WI 53202
(414) 272-0760 (phone)
(414) 272-7265 (facsimile)
alsolochek@hswmke.com-E-Mail

FILED
JUL 3 0 2010

| STATE OF WISCONSIN | CIRCUIT COURT | MONROE COUNTY |
|---|---|---|

MINERALS DEVELOPMENT & SUPPLY
COMPANY, INC.
An Illinois Corporation

                    Plaintiff,             Case No. 2010CV 428

-vs-

HUNTON & WILLIAMS, LLP,
INSIGHT EQUITY HOLDINGS, LLC
INSIGHT EQUITY, LP



FILED
AUG 03 2010
Clerk of Circuit Court
Monroe County Wisconsin

                    Defendants,

## ORDER GRANTING MOTION TO APPEAR PRO HAC VICE

This matter is before the court on motion of Albert Solochek, who is an active member of the State Bar of Wisconsin, to allow James P. Lynch to appear <u>Pro Hac Vice</u> in the above entitled action, in association with Albert Solochek.

**NOW THEREFORE, IT IS ORDERED**, that:

1. James P. Lynch is granted permission to appear and participate in this court in the above entitled action in association with Albert Solochek;

2. James P. Lynch shall abide by the rules of professional conduct for attorneys, and the rules of decorum of the court.

Dated: _July 30, 2010_

By the Court,

_[signature]_
Circuit Court Judge