THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MINERALS DEVELOPMENT & SUPPLY COMPANY, INC.,

    Plaintiff,

    v.                                                                                    Case No.  10-CV-488

HUNTON & WILLIAMS LLP,
INSIGHT EQUITY HOLDINGS LLC,
and INSIGHT EQUITY LP,

    Defendants.

---

### INSIGHT EQUITY HOLDINGS LLC'S AND INSIGHT EQUITY LP'S MEMORANDUM IN SUPPORT OF THEIR RESPECTIVE MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(2)

---

Plaintiff Minerals Development & Supply Company, Inc.'s ("MDSC") Complaint alleges no wrongful act by Defendants Insight Equity Holdings LLC or Insight Equity LP at all, much less any act on which the Court could properly exercise personal jurisdiction over them.[1] MDSC's allegations fail to establish even a *prima facie* basis to exercise either general or specific jurisdiction under the Wisconsin long-arm statute.  And because neither Insight Equity Holdings LLC nor Insight Equity LP has minimum contacts with Wisconsin, subjecting them to personal jurisdiction in Wisconsin would violate due process.  Accordingly, the Court must

---

[1] In the respective Motions to Dismiss of Insight Equity Holdings LLC and Insight Equity LP, they challenge both the assertion of personal jurisdiction and the insufficiency of MDSC's Complaint under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  The 12(b)(2) personal jurisdiction grounds are addressed in this memorandum separate from the 12(b)(6) insufficiency grounds, which are addressed in a separate memorandum, to assist in applying the differing standards for review.

dismiss the Complaint as to Insight Equity Holdings LLC and Insight Equity LP pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## I.     BACKGROUND

The gravamen of MDSC's Complaint is that it was cut out of a sand supply chain that originally had Wildcat Companies II LLC ("Wildcat") supplying sand to MDSC, which flipped the same sand to Superior Silica Sands, LLC ("Superior Silica").  MDSC incorrectly alleges that "Insight Equity," as the "parent owner and operator of Superior [Silica]" (Complaint ¶ 5), aided and abetted Wildcat (Complaint ¶ 37) and Superior Silica (Complaint ¶ 33)[2] in Count II of the Complaint, the only one stated against either Insight Equity Holdings LLC or Insight Equity LP.

Whether by design or carelessness, MDSC's Complaint obfuscates its allegations relating to any conduct attributable to Insight Equity holdings LLC or Insight Equity LP.  It starts by lumping together Insight Equity Holdings LLC and Insight Equity LP as if they are a single and undifferentiated "Insight Equity" entity without any factual or legal predicate for doing so.  It continues with MDSC's loose characterization of  "Insight Equity's" relationship with Superior Silica as the "parent owner and operator" again without any factual or legal predicate for blurring the corporate lines between yet a third corporate entity.  Notwithstanding MDSC's obfuscation, neither Insight Equity Holdings LLC nor Insight Equity LP has the role of either a "parent owner" or "operator" of Superior Silica.  Affidavit of Victor L. Vescovo ¶¶ 2-3 (hereafter "Vescovo Affidavit at ¶ ___"), attached at Exhibit 1.  In fact, Superior Silica is wholly owned by Superior Silica Holdings LLC and operated by the authorized officers elected by Superior Silica Holdings LLC.  Vescovo Affidavit at ¶¶ 1-3.

---

[2] As addressed in the concurrent 12(b)(6) motion, there can be no cognizable claim for aiding and abetting a party in terminating its own contract.

MDSC's next sleight of hand comes in its direct and indirect suggestions that the actions of Victor Vescovo are the undifferentiated actions of "Insight Equity," again without any factual or legal predicate for doing so. It does this notwithstanding its own allegation that acknowledges Mr. Vescovo's affiliation with or role for Superior Silica. Complaint ¶ 29 (". . . Mr. Victor Vescovo of Insight Equity (and Superior) . . ."). In fact, Mr. Vescovo serves as the Managing Director of Superior Silica. Vescovo Affidavit at ¶ 1.

Insight Equity Holdings LLC is a limited liability company organized under the laws of Texas with its principal place of business in Southlake, Texas. Complaint ¶ 3. Insight Equity LP is a limited partnership organized under the laws of Texas with its principal place of business in Southlake Texas. Complaint ¶ 4. Neither owns or leases any real estate in Wisconsin, maintains offices in Wisconsin, keeps agents or employees in Wisconsin, or is registered to transact business in Wisconsin. Vescovo Affidavit at ¶ 6. Neither solicited, advertised or sold products or services in Wisconsin in any way related to the allegations in the Complaint. Vescovo Affidavit at ¶ 7. Neither manufactures any products, materials or things in Wisconsin or any products, materials or things that are consumed or used in Wisconsin. Vescovo Affidavit at ¶ 8.

In sum, Insight Equity Holdings LLC and Insight Equity LP lack the kind of contacts with Wisconsin that allow them to be haled into court there.

**II.    STANDARD OF REVIEW**

When a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing [the existence] of jurisdiction." *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). Where the motion to dismiss is decided on the motion without a hearing, plaintiff must make a "*prima facie* case of personal jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In deciding whether the plaintiff has made the appropriate showing, the court may rely on the allegations of

the complaint and also may receive and weigh affidavits submitted by the parties. *Insolia v. Philip Morris Inc.*, 31 F. Supp. 2d 660, 664 (W.D. Wis. 1998). The Court will draw all reasonable inferences from the complaint in favor of the plaintiff. *Purdue Research Foundation.* 338 F.3d. at 783.

However, "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783. Where there are factual disputes between the allegations in the complaint and the affidavits, the Court must resolve them in favor of the plaintiff. *Id*. at 782. Any factual disputes in the pleadings and affidavits will be resolved in favor of the "party asserting jurisdiction." *Nelson by Carson v. Park Industries, Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983).

"Wisconsin presumes its long-arm statute merely codifies the federal due process requirements." *Logan Productions, Inc. v. Optibase, Inc*., 103 F.3d 49, 52 (7th Cir. 1996). "If jurisdiction is appropriate under the long-arm statute, the burden shifts to the defendant to show that the exercise of personal jurisdiction would not comport with the due process requirements of the Fourteenth Amendment." *Insolia*, 31 F. Supp. 2d at 668.

### III.   ARGUMENT

"A federal court has personal jurisdiction over a non-consenting, nonresident defendant to the extent authorized by the law of the state in which that court sits." *Hy Cite Corp. v. Badbusinessbureau.Com, L.L.C. d/b/a Bad-Businessbureau.com and/or Ripoffreport.com*, 297 F. Supp. 2d 1154, 1157 (W.D. Wis. 2004). Before a court can assert personal jurisdiction over an out-of-state defendant, it must engage in a multi-layered analysis.

First, Wisconsin's long-arm statute must reach the out-of-state defendant's conduct. *See Federated Rural Electric Ins. v. Inland Power and Light Co.*, 18 F.3d 389, 392, 393 (7th Cir.

4

1996).  Second, the assertion of personal jurisdiction must comport with due process under the Fourteenth Amendment of the U.S. Constitution.  *See Taurus IP v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 918 (W.D. Wis. 2007).  This includes the dual analysis of whether the out-of-state defendant purposefully availed himself of doing business in the state and whether assertion of jurisdiction violates traditional notions of fair play and substantial justice. *Id.*  If any of these prongs are not satisfied, a Wisconsin court fails to obtain personal jurisdiction over the nonresident defendant.

Here, none of these prongs has been met as to Insight Equity Holdings LLC and Insight Equity LP and the Court must dismiss these Defendants for lack of personal jurisdiction.

**A.    MDSC CAN ESTABLISH NO FACTS TO SATISFY WISCONSIN'S LONG-ARM STATUTE**

In order for the Court to assert personal jurisdiction over Insight Equity Holdings LLC or Insight Equity LP, MDSC must first invoke Wisconsin's long-arm statute.  *See Federated Rural Electric Ins.*, 18 F.3d at 392 and 393.  Because MDSC asserts only a tort claim against both Insight Equity Holdings LLC and Insight Equity LP, MDSC must either establish general jurisdiction under Wis. Stat. § 801.05(1)(d) or specific jurisdiction arising out of MDSC's tort claim under Wis. Stat §§ 801.05(3) or (4).  Although MDSC recognizes that Insight Equity Holdings LLC and Insight Equity LP are out-of-state defendants, it does not cite the provision of Wisconsin's long-arm statute on which it relies to invoke personal jurisdiction over them. Neither can it establish facts sufficient to satisfy either general jurisdiction under Wis. Stat § 801.05(1)(d) or specific jurisdiction arising out of MDSC's tort claim under Wis. Stat §§ 801.05(3) or (4).

**1.    The Court Has No Basis to Assert General Jurisdiction under § 801.05(1)(d) (Local Presence or Status)**

Under § 801.05(1)(d), MDSC must establish that Insight Equity Holdings LLC and Insight Equity LP each have "engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." MDSC has not alleged and neither Insight Equity Holdings LLC nor Insight Equity LP have a Wisconsin local presence or status. Both are organized under the laws of Texas with offices in Texas. Neither owns or leases any real estate in Wisconsin, maintains offices in Wisconsin, keeps agents or employees in Wisconsin, or is registered to transact business in Wisconsin. Vescovo Affidavit at ¶ 6. In short, they do not engage in substantial activities within Wisconsin.

**2.    The Court Has No Basis to Assert Specific Jurisdiction under § 801.05(3) (Local Act or omission)**

Under § 801.05(3), MDSC must establish an injury arising from an act or omission *within* Wisconsin.[3] MDSC does not allege that either Insight Equity Holdings LLC or Insight Equity LP did anything *in* Wisconsin. Thus, there is no personal jurisdiction under Wis. Stat § 801.5(1)(3). *See International Placement and Recruiting v. Reagan Equip. Co.*, 592 F. Supp. 1252, 1255 (E.D. Wis. 1984) (dismissing complaint where "Nowhere in the pleadings is the defendant charged with having performed any act or undertaken any activity with any connection, however attenuated, with the forum state.").

---

[3] Wis. Stat. § 801.05 provides that a:

> court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances: . . . (3) any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant.

6

### 3. The Court Has No Basis to Assert Specific Jurisdiction under § 801.05(4) (Local Injury; Foreign Act)

Under § 801.05(4), MDSC must establish an injury within Wisconsin arising from an act outside Wisconsin plus either:

- solicitation or service activities within Wisconsin by or on behalf of Insight Equity Holdings LLC or Insight Equity LP;

*or*

- products, materials or things processed, serviced or manufactured by Insight Equity Holdings LLC or Insight Equity LP were used or consumed within Wisconsin in the ordinary course of trade.[4]

These added activities must relate to the asserted cause of action against the defendants. *See PKWare, Inc. v. Meade,* 79 F. Supp. 2d 1007, 1015 (E.D. Wis. 2000) (observing that §§ 801.05(3) and (4) are specific jurisdiction provisions of the Wisconsin long arm statute); *E & G Franchise Systems, Inc. v. Grahek*, No. 03-C-276-C, 2003 WL 23162309, at *3 (W.D. Wis. Sept. 3, 2003), attached at Exhibit 2 (stating that "[i]f the cause of action arises out of or relates to the defendant's activities within the state, a court may exercise specific personal jurisdiction over the defendant.") (citing Wisconsin Statute § 801.05(3)). Long-arm jurisdiction over Insight Equity Holdings LLC and Insight Equity LP fails under this provision because MDSC has not alleged a

---

[4] Wis. Stat. § 801.05 provides that:

> a "court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances: . . . (4)… In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either: (a) Solicitation or service activities were carried on within the this state by or on behalf of the defendant; or (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade."

7

legally cognizable injury in Wisconsin nor the kinds of additional Wisconsin activities by Insight Equity Holdings LLC and Insight Equity LP that are necessary prerequisites.

As an initial matter, MDSC's aiding and abetting count claims that Insight Equity Holdings LLC and Insight Equity LP aided and abetted (i) **Superior Silica** in bringing about removal of MDSC from the supply chain (Complaint ¶ 33) and (ii) **Wildcat** in terminating its contract with MDSC (Complaint ¶ 37).  To prevail on an aiding and abetting claim, MDSC must prove conduct by Insight Equity Holdings LLC and Insight Equity LP that "as a matter of objective fact aids another in the commission of an unlawful act[.]"  *Tensfeldt v. Haberman*, 768 N.W.2d 641, 649 n.12 (Wis. 2009), *citing Winslow v. Brown*, 371 N.W.2d 417 (Wis. Ct. App. 1985).  As explained in the concurrently filed memorandum addressing the 12(b)(6) insufficiency grounds of the Motions to Dismiss, MDSC fails to allege any unlawful act by either Wildcat or Superior Silica.  Accordingly, Insight Equity Holdings LLC and Insight Equity LP cannot have aided and abetted any unlawful act and MDSC accordingly can have no legally cognizable injury in Wisconsin.[5]  Without even a legally cognizable injury alleged, there is no predicate for an exercise of long-arm jurisdiction under the provision requiring an injury in Wisconsin.

Looking beyond the legal sufficiency of MDSC's aiding and abetting count against Insight Equity Holdings LLC and Insight Equity LP, MDSC's allegations provide no basis to conclude that it suffered any injury -- legally cognizable or otherwise -- *in Wisconsin*.  MDSC is an Illinois corporation with a principal place of business in Illinois.  Complaint ¶ 1.  MDSC complains that it was in a supply chain involving contracts governed by Wisconsin law -- not that it was injured *in* Wisconsin.  Moreover, MDSC specifically complains in *tort* and not

---

[5] *See* concurrent 12(b)(6) motion to dismiss.

*contract.* If MDSC had any cognizable injury, its injury was to its business in Illinois, not Wisconsin.

Finally, MDSC cannot establish that Insight Equity Holdings LLC or Insight Equity LP solicited, advertised or sold products or services in Wisconsin in any way related to the allegations in the Complaint or that they manufactured products, materials or things used or consumed within Wisconsin. They did not. *See* Wis. Stat § 801.5(1)(4); Vescovo Affidavit at ¶¶ 7 and 8. Although MDSC does not explain the basis for asserting personal jurisdiction, it alleges in Complaint ¶ 32 that "Insight Equity through Superior entered into the new contract with Wildcat on August 19, 2009, through the efforts of Mr. Vescovo." MDSC's apparently fabricated allegation cannot stand up to its burden to establish the facts necessary to invoke Wisconsin's long-arm statute. Neither Insight Equity Holdings LLC nor Insight Equity LP contracted with Wildcat. Superior Silica did. Vescovo Affidavit at ¶ 4 (identifying parties to the August 19 contract -- Wildcat and Superior Silica). MDSC asserts no factual or legal basis sufficient to charge Insight Equity Holdings LLC or Insight Equity LP with the contractual obligations of Superior Silica or with the actions of Superior Silica's Managing Director, Mr. Vescovo.

MDSC has not and cannot establish any facts to justify extension of Wisconsin's long-arm statute to reach Insight Equity Holdings LLC or Insight Equity LP. It is MDSC's burden to do so. Accordingly, the Court has not obtained personal jurisdiction over these Defendants and the action against them must be dismissed. In *Federated Rural Electric Ins.*, the Seventh Circuit affirmed this Court's grant of a motion to dismiss where plaintiff failed to show that a nonresident defendant's actions fell within any provision of Wisconsin's long-arm statute. *See*

*Federated Rural Electric Ins.*, 18 F.3d at 392 and 393. The facts and allegations in the Complaint warrant no less here.

**B.  ASSERTION OF PERSONAL JURISDICTION OVER INSIGHT EQUITY HOLDINGS LLC AND INSIGHT EQUITY LP VIOLATES DUE PROCESS**

Not only is there no basis for the exercise of personal jurisdiction over Insight Equity Holdings LLC and Insight Equity LP under the Wisconsin long-arm statute, asserting personal jurisdiction over them would violate the due process requirements of the Fourteenth Amendment.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985). It requires, therefore, that each nonresident defendant "'purposefully established minimum contacts in the forum State.'" *Taurus IP v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 922 (W.D. Wis. 2007) (*citing Burger King Corp.*, 471 U.S. at 474). It is this "'purposeful availment' requirement" that "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp.*, 471 U.S. at 475 (*citation omitted).* A nonresident defendant must have "clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In purposefully availing itself of the privilege of doing business in the forum state, the defendant must have derived some benefit. *See Federated Rural Elec. Ins. Corp.*, 18 F.3d at 391.

### 1. Neither Insight Equity Holdings LLC nor Insight Equity LP Purposefully Availed Themselves of the Privilege of Doing Business in Wisconsin

MDSC's slights of hand in the Complaint blend Insight Equity Holdings LLC and Insight Equity LP into one undifferentiated "Insight Equity," blend "Insight Equity" into Superior Silica, and then obscure Mr. Vescovo's role as Superior Silica's Managing Director. Setting aside its efforts at obfuscation, MDSC has provided nothing more than the conclusory and formulaic recitation that "Insight Equity" "aided and abetted" (i) **Superior Silica** in bringing about termination of the MDSC/Wildcat contract and removal of MDSC from the supply chain (Complaint ¶ 33) and (ii) **Wildcat** in terminating its contract with MDSC (Complaint ¶ 37).[6] This results in a complete absence of alleged facts demonstrating that Insight Equity Holdings LLC or Insight Equity LP have *any contacts* with the state of Wisconsin, much less minimum contacts. None of the allegations charge any conduct in Wisconsin or harm or injury to a Wisconsin resident. Indeed, MDSC -- which claims injury from the conduct of Insight Equity Holdings LLC and Insight Equity LP -- is an Illinois corporation. Complaint ¶ 1. None of the statements attributed to "Insight Equity" are alleged to have made been made in Wisconsin.

There simply are no facts to suggest that Insight Equity Holdings LLC or Insight Equity LP purposefully availed themselves of the benefit of conducting business in Wisconsin. Accordingly, the Court should grant the motion to dismiss for lack of personal jurisdiction. *See Menard, Inc. v. Skyline Pallets Service, Inc.* No. 3:08-CV-086-BBC, 2008 WL 2783528, at * 6 (W.D. Wis. July 15, 2008), attached at Exhibit 3 (granting motion to dismiss for lack of personal jurisdiction where "[p]laintiff failed to establish a prima facie case that defendants established minimum contacts with Wisconsin.").

---

[6] As addressed in the concurrently filed 12(b)(6) motions, this fails the required pleading standard.

### 2. Notions of Fair Play and Substantial Justice Weigh Against Assertion of Personal Jurisdiction over Insight Equity Holdings LLC and Insight Equity LP

Even if an out-of-state defendant purposefully availed himself of the privilege of doing business in a state, a court still may not assert personal jurisdiction over the nonresident defendant if to do so would not "comport with 'fair play and substantial justice.'" *Burger King Corp.* at 476 (*quoted case omitted*); s*ee also Logan Productions, Inc.*, 103 F.3d at 52. In making this inquiry, the court considers the contacts "'in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Menard*, 2008 WL 2783528, at *5 (quoting *Burger King*, 471 U.S. at 476). Those factors are:

- the burden on the nonresident defendant;
- Wisconsin's interest in adjudicating the dispute;
- the plaintiff's interest in obtaining convenient and effective relief;
- the interstate judicial system's interest in resolving the dispute in the most efficient manner; and
- the shared interest of the several states in furthering fundamental social policy.

*Asahi Metal Indus. Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 113 (1987). This Court has held that the "most important factors to consider in the above analysis are: (1) interests of the states involved; and (2) the relative convenience of litigating in that forum." *Consumer Products Research & Design, Inc. v. Jensen*, No. 06-C-625-S, 2007 WL 765237, at *5 (W.D. Wis. Mar. 9, 2007), attached at Exhibit 4.

None of these factors weigh in favor of hauling Insight Equity Holdings LLC and Insight Equity LP into Wisconsin court to defend this suit. Because they are unconnected to Wisconsin, the burden on Insight Equity Holdings LLC and Insight Equity LP of defending a suit in Wisconsin is high. By the same token, Wisconsin's interest in adjudicating this dispute, if any, is

slight. This dispute is between an Illinois plaintiff and out-of-state defendants regarding alleged harm to an Illinois business. Although MDSC's contract with Wildcat was to be performed in Wisconsin, that factor alone is insufficient to tilt the scales. A contractual relationship alone is not enough to justify personal jurisdiction over a nonresident defendant. *See Kuhn Knight, Inc. v. VMC Enterprises, Inc.*, 464 F. Supp. 2d 806, 812 (W.D. Wis. 2006) (holding that even a Wisconsin "contract with an out-of-state litigant does not automatically establish sufficient minimum contacts to support personal jurisdiction"). If such a relationship alone is not enough, it certainly cannot be enough here where none of the defendants in this lawsuit are parties to the contract and the claim against them sounds in tort.

What is more, MDSC's interest in obtaining convenient and effective relief does not justify dragging Insight Equity Holdings LLC and Insight Equity LP to Wisconsin. MDSC is not a Wisconsin citizen. None of the other parties are Wisconsin citizens. Consequently, a majority of the witnesses are not located in Wisconsin. There is nothing about Wisconsin that makes it especially convenient and certainly not in any way that overrides the commensurate burden on all the other Defendants. Instead, MDSC's motive here is transparent. It is pursuing an unfounded complaint in an inconvenient forum against parties on the periphery of its real underlying dispute with Wildcat and Superior Silica. Rewarding its tactics by stretching the bounds of due process relative to personal jurisdiction would hardly amount to fair play or substantial justice.

The last two factors -- "the interstate judicial system's interest in resolving the dispute in the most efficient manner" and "the shared interest of the several states in furthering fundamental social policy"-- do not suggest that it is fair to assert personal jurisdiction over Insight Equity Holdings LLC and Insight Equity LP. Adjudicating this dispute in Wisconsin does not serve the

"interstate judicial system's interest in resolving the dispute in the most efficient manner." Courts have recognized that this interest is served by adjudicating the dispute in the forum where the injury is felt. *See Dehmlow v. Austin Fireworks*, 963 F.2d 941, 946 (7th Cir. 1992) (holding this interest served by "adjudicating the claim at the situs of [plaintiffs] accident"). Here, any injury to MDSC as a result of its claims would be felt in Illinois -- not Wisconsin. *See Kuehn v. Childrens Hosp., Los Angeles*, 119 F.3d 1296, 1301 (7th Cir. 1997) (stating "The place of the tort [] is not where the negligent act occurs but where the injury is felt."). In like manner, any shared interests Wisconsin, Illinois, or Texas may have in furthering fundamental social policy related to the claims against Insight Equity Holdings LLC and Insight Equity LP could be remediated just as vigorously outside of Wisconsin.

It is also important to note that courts have realized that "the fairness factors cannot of themselves invest the court with jurisdiction over a nonresident when the minimum-contacts analysis weighs against the exercise of jurisdiction." *Schartner v. Northwest Intern. Equipment Co.*, Inc. 694 F. Supp. 1364, 1369 (E.D. Wis. 1988); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) (recognizing that "[e]ven if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause . . . may sometimes act to divest the State of its power to render a valid judgment."). Thus, even if these factors weighed in favor or subjecting Insight Equity Holdings LLC and Insight Equity LP to personal jurisdiction in Wisconsin, the complete absence of any contacts with that forum, the complete lack of any purposeful available or other relationship with Wisconsin would violate due process.

## IV. CONCLUSION

MDSC cannot **meet** its burden of establishing a factual or legal basis for an assertion of personal jurisdiction over Insight Equity Holdings LLC and Insight Equity LP. There simply is no basis under Wisconsin's long-arm statute or due process to hail Insight Equity Holdings LLC or Insight Equity LP into Court in Wisconsin. They accordingly should be dismissed for lack of personal jurisdiction.

Dated this 27th day of August, 2010.

>INSIGHT EQUITY HOLDINGS LLC and
>INSIGHT EQUITY LP
>
>By its attorneys,
>
>/s/ *Lester A. Pines* .
>Lester A. Pines, SBN 01016543
>Attorneys for Plaintiff
>CULLEN WESTON PINES & BACH LLP
>122 West Washington Ave., Suite 900
>Madison, WI 53703
>Telephone: (608) 251-0101
>Facsimile: (608) 251-2883
>Email: pines@cwpb.com
>
>Kelly L. Faglioni
>Hunton & Williams LLP
>Riverfront Plaza, East Tower
>951 East Byrd Street
>Richmond, VA 23219
>Telephone: (804) 788-7334
>Facsimile: (804) 788-8218
>Email: kfaglioni@hunton.com
>
>Attorneys for Insight Equity Holdings LLC and Insight Equity LP

CERTIFICATE OF SERVICE

I, Lester A. Pines, hereby certify that on August 27, 2010, the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following counsel for the Defendant:

>Albert Solochek, Esq.
>HOWARD SOLOCHEK & WEBER, S.C.
>324 E. Wisconsin Avenue, Suite 1100
>Milwaukee, Wisconsin 53202
>
>Daniel F. Konicek, Esq.
>KONICEK & DILLON, P.C.
>21 West State Street
>Geneva, Illinois 60134
>
>Counsel to Minerals Development & Supply Company, Inc.

Dated this 27th day of August 2010

>/s/ *Lester A. Pines* .
>Lester A. Pines, SBN 01016543
>Attorneys for Plaintiff
>CULLEN WESTON PINES & BACH LLP
>122 West Washington Ave., Suite 900
>Madison, WI 53703
>Telephone: (608) 251-0101
>Facsimile: (608) 251-2883
>Email: pines@cwpb.com
>
>Kelly L. Faglioni
>Hunton & Williams LLP
>Riverfront Plaza, East Tower
>951 East Byrd Street
>Richmond, VA 23219
>Telephone: (804) 788-7334
>Facsimile: (804) 788-8218
>Email: kfaglioni@hunton.com

17