# Exhibit 2

Westlaw.

Page 1

Not Reported in F.Supp.2d, 2003 WL 23162309 (W.D.Wis.)
**(Cite as: 2003 WL 23162309 (W.D.Wis.))**

Only the Westlaw citation is currently available.

United States District Court,
W.D. Wisconsin.
E & G FRANCHISE SYSTEM, INC., Plaintiff,
v.
Thomas J. GRAHEK and TJG Development, Inc., a Minnesota corporation, Defendants.
**No. 03-C-276-C.**

Sept. 3, 2003.

Steven C. Opheim, Dudley and Smith, P.A., Saint Paul, MN, for Defendants.

OPINION and ORDER

CRABB, J.

**\*1** This is a civil action for monetary relief in which plaintiff E & G Franchise Systems, Inc., seeks to recover settlement costs and fees pursuant to an indemnification agreement. Plaintiff brought this suit in the Circuit Court for Eau Caire County, Wisconsin, but defendants removed it to this court pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff contends that defendants violated the indemnification clause contained in an agreement between the parties by failing to reimburse plaintiff for settlement costs arising in connection with the agreement.

Now before the court are several motions filed by defendants: 1) to dismiss defendant Grahek for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6); 2) to dismiss defendant Grahek for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2); 3) to stay the proceeding pending arbitration; and 4) for sanctions against plaintiff pursuant to Fed.R.Civ.P. 16(f) for failure to obey a scheduling order.

Defendants' motion to dismiss defendant Grahek for lack of personal jurisdiction will be granted because plaintiff has failed to establish that he has sufficient contacts with Wisconsin to satisfy the state's long-arm statute. The only contact plaintiff identifies is a business contract between defendant Grahek and plaintiff, a Wisconsin corporation. However, I conclude that defendant Grahek is not a party to the contract. Therefore, the agreement cannot be treated as a contact with Wisconsin for jurisdictional purposes and defendant Grahek must be dismissed for lack of personal jurisdiction. This disposition makes it unnecessary to decide whether plaintiff has stated a claim against him on which relief can be granted. Defendants' 12(b)(6) motion will accordingly be denied as moot. I will grant defendants' motion to stay the proceedings until the conclusion of the arbitration proceedings which have already been initiated. Finally, I will not order sanctions against plaintiff pursuant to Fed.R.Civ.P. 16(f) for plaintiff's failure to file its brief in opposition by the July 7, 2003 deadline set out in this court's briefing schedule because defendants were not prejudiced by the failure.

For the sole purpose of deciding this motion, I accept as true the allegations in plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff E & G Franchise Systems, Inc. is a Wisconsin corporation in good standing with its principal place of business in Eau Claire, Wisconsin. Defendant TJG Development, Inc. is a Minnesota corporation with its principal place of business in Stillwater, Minnesota. Defendant Thomas J. Grahek is the president and CEO of defendant TJG Development, Inc. and is a citizen of Stillwater, Minnesota. Although the parties did not make citizenship clear in either their complaint or the removal petition, at the court's direction defendants have submitted an affidavit setting forth defendant Grahek's citizenship.

**\*2** On December 30, 1984 plaintiff and "the [d]efendants" entered into a Territory Representative Agreement wherein "[d]efendants" were granted certain rights relating to the development of Erbert & Gerbert Subs and Clubs businesses in certain territories. The text of the agreement indicates that it was made and entered into by plaintiff and defendant TJG, Development, Inc. Defendant Grahek is not named as an individual party to the agreement. The agreement is signed once by plaintiff's president and twice by "Thomas J. Grahek, President."

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 23162309 (W.D.Wis.)
**(Cite as: 2003 WL 23162309 (W.D.Wis.))**

The agreement contained an indemnification clause providing the following:

> The Territory Representative hereby agrees to protect, defend, and indemnify and save [plaintiff] free and harmless from any and all claims, demands, judgments, actions, suits, liabilities, damages, losses, penalties, costs and expenses of any kind or nature, including reasonable attorneys' fees of any nature arising out of or in connection with this Agreement, or the Territory Representative's business, or arising out of any act, happening, or other event occurring on or at the Territory Representative's business location; provided, however, that the Territory Representative shall not be liable to indemnify [plaintiff] for any loss or expense arising solely by reason of representations contained in any Offering Circular or Disclosure documentprepared by or approved in writing by [plaintiff].

Other relevant provisions of the agreement include a mandatory arbitration clause and an integration clause that provides that the Agreement and the documents refered to therein supersede "all prior negotiations, understanding [s], representations and agreements, if any, not expressly set forth [therein]."

Defendants proceeded to act as territory representatives, pursuant to the agreement, soliciting the sales of Erbert & Gerbert Subs and Clubs franchises in certain areas. In the course of carrying out their duties, defendants made certain misrepresentations to potential purchasers of franchises. As a result of these misrepresentations, certain persons (McGregor, Knoeble and Weller) brought claims against plaintiff.

Plaintiff suffered the following monetary damages as a result of these claims: 1) $151,875.11, for settlement of the McGregor, Knoeble and Weller claims; 2) $91,113.15, for attorney fees in connection with all three claimants; and 3) fees payable to the American Arbitration in the amount of $15,275 in the McGregor matter, $3,050 in the Weller matter and $3,575 in the Knoeble matter. Plaintiff demands judgment in the amount of $264,888.26 plus attorney fees incurred herein.

OPINION

A. *Motion to Dismiss Defendant Grahek for Lack of Personal Jurisdiction*

On a motion to dismiss for lack of personal jurisdiction, the burden of proof rests on the party asserting jurisdiction. *See Nelson v. Park Industries. Inc., 717 F.2d 1120, 1123 (7th Cir.1983).* That party must make a prima facie showing that personal jurisdiction exists. *Id.* In deciding whether the party has made the necessary showing, the court may rely on the allegations of the complaint and also may receive and weigh affidavits submitted by the parties. *Id.*

**\*3** In a diversity case, a federal court has personal jurisdiction over a non-consenting, nonresident defendant to the extent authorized by the law of the state in which that court sits. *Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir.1986).* In Wisconsin, a court first considers whether the state's long-arm statute subjects a nonresident defendant to personal jurisdiction. *Marsh v. Farm Bureau Mut. Ins. Co., 179 Wis.2d 42, 52, 505 N.W.2d 162, 165 (Ct.App.1993)* (citations omitted). If a defendant's contacts with Wisconsin are sufficient under the long-arm statute, the court must consider whether the exercise of jurisdiction comports with the due process clause of the Fourteenth Amendment. *See id.*

Under Wisconsin's long-arm statute, Wis. Stat. § 801.05, a court has personal jurisdiction over a defendant who has sufficient contacts with the forum. If the cause of action arises out of or relates to the defendant's activities within the state, a court may exercise specific personal jurisdiction over the defendant. Wis. Stat. § 801.05(3). Wisconsin's long-arm statute is to be liberally construed in favor of the exercise of personal jurisdiction. *Federated Rural Electric Ins. v. Inland Power & Light, 18 F.3d 389, 391 (7th Cir.1994)* (citations omitted).

The only contact between defendant Grahek and the state of Wisconsin alleged in the pleadings is a contract with plaintiff, a Wisconsin corporation. Defendants contend that defendant Grahek is not a party to the contract. They assert that because Grahek signed the agreement in his capacity as the president of defendant TJG Development, Inc. only and not in his capacity as a private individual or a shareholder, the agreement is not a contact that would justify the exercise of personal jurisdiction.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 23162309 (W.D.Wis.)
**(Cite as: 2003 WL 23162309 (W.D.Wis.))**

Minnesota law applies in determining whether defendant Grahek is a party to the agreement. When federal courts hear cases pursuant to their diversity jurisdiction, they must apply state substantive law, commonly that of the forum state. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, Wisconsin state contract law generally recognizes validly executed choice of law provisions provided there are no public policy reasons to disregard them. *Bush v. National School Studios, Inc.,* 139 Wis.2d 635, 642, 407 N.W.2d 883 (1987). The parties' agreement specifies that it should be construed according to the laws of the state of Minnesota.

Accordingly, the existence of personal jurisdiction over defendant Grahek under the Wisconsin long-arm statute will hinge on whether he is a party to the agreement under Minnesota law. I tun next to that question.

It is well established that neither officers nor directors of a corporation are personally liable to third parties merely because they are officers or directors. William E. Knepper & Dan A. Bailey, *Liability of Corporate Officers and Directors,* § 6-1 (2001). A party to a contract with a corporation generally cannot hold a director or officer personally liable on the contract unless a statute creates such liability or the contract is signed by the officer in his individual capacity. *Id.* Plaintiff has not cited any state statute that would impose personal liability on defendant Grahek merely because he is a corporate officer. Further, a court will not hold a corporate officer personally liable on a contract that he signs in his official capacity only, unless the contract is not within his authority, the contract is not ratified by the corporation or there are special grounds for disregarding the corporate entity. *See id.; Ahlm v. Rooney,* 274 Minn. 259, 143 N.W.2d 65, 68 (Minn.1966)("[u]nder well-recognized principles of negotiable instruments and corporate law," only entity that could be held liable on contract signed by corporate officer in his official capacity is corporation itself unless grounds exist for disregarding corporate form).

**\*4** Plaintiff does not allege specifically that defendant Grahek entered into this contract in his individual capacity; it alleges only that "[o]n December 30, 1994, plaintiff and the defendants entered into a Territory Representative Agreement." Cpt., dkt. 2, ¶ 4.

"The court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir.20002) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d,* § 1327 at 766 (1990)).

The contents of the agreement make it clear that defendant Grahek was not a party to the contract in his individual capacity. The first sentence of the agreement states that it was made and entered into between plaintiff and defendant TJG Development, Inc; defendant Grahek is not mentioned. Additionally, defendant Grahek is named only once in the text of the agreement and then only as a "principal" to be bound by the covenants not to compete. If the parties had intended that defendant Grahek be a party to the contract in his individual capacity at the time the contract was formed, the designation "principal" would have been unnecessary and confusing. Finally, the agreement is not signed by defendant Grahek except with a designation of his status as a corporate representative; both of defendant Grahek's signatures on the agreement are followed by the handwritten word "president." There is nothing in the text of the agreement to suggest that defendant Grahek entered into the alleged contract as an individual rather than as corporate representative. *See Ahlm,* 143, N.W.2d at 68 (holding that when contract was signed "Pat Rooney, Pres.," Rooney was not a party to the contract in his individual capacity).

Accordingly, I conclude that defendant Grahek is not a party to the agreement and that the agreement does not warrant the exercise of jurisdiction over him. Because the plaintiff has not identified any other contact defendant Grahek might have with Wisconsin that could satisfy the state's long-arm statute, defendant Grahek will be dismissed for lack of personal jurisdiction. Because I conclude that Wisconsin long-arm statute's requirements have not been met, it is not necessary to determine whether the due process minimum contacts test has been satisfied. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Marsh,* 179 Wis.2d at 52, 505 N.W.2d 162.

B. *Motion to Dismiss defendant Grahek for Failure*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 23162309 (W.D.Wis.)
**(Cite as: 2003 WL 23162309 (W.D.Wis.))**

*to State a Claim upon Which Relief can be Granted*

Because defendant Grahek will be dismissed from this action for want of personal jurisdiction, defendants motion to dismiss for failure to state a claim is moot.

In addition to their 12(b)(6) motion to dismiss, defendants asks the court to direct plaintiff to withdraw the arbitration claim it filed against defendant Grahek individually because plaintiff has no legally viable claim against him. This request will be denied. I have found only that this court lacks jurisdiction over defendant Grahek. I have not made a decision on the merits. See *Patzer v. Board of Regents of University of Wisconsin System,* 763 F.2d 851, 855 (7th Cir.1985) (refusing to give a claim preclusive effect to a dismissal for want of personal jurisdiction because it is not a decision on the merits).

### C. *Motion to Stay*

***5** Defendants' initial responsive pleading contained a motion to compel arbitration and stay this action pursuant to the mandatory arbitration provision contained in the agreement. Defendants have withdrawn the motion to compel arbitration because plaintiff has submitted voluntarily to arbitration in the interim. In addition, they withdrew their motion for transfer of venue under 28 U.S.C. § 1404(a). However, defendants did not withdraw their motion to stay the proceedings in this court.

The Federal Arbitration Act governs all issues relating to the validity and enforcability of arbitration agreements and reflects a strong federal policy favoring arbitration as a means of dispute resolution. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218-21, 105 S.Ct. 1238, 84 L.Ed.2d 158; *Moses H. Cone Memorial Hosp. v. Mercury Contruction Corp.,* 460 U.S. 1, 22-23, 103 S.Ct. 927, 74 L.Ed.2d 765. Under section 3 of the act, upon motion by a party, United States courts must compel arbitration and stay proceedings when the issue is subject to an arbitration agreement. 9 U.S.C. § 3. *United States Steelworkers of America v. Warrior and Gulf Navigation Co.,* 363 U.S. 574, 583-83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Specifically, section 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

Ordinarily, this court would look to the validity of the mandatory arbitration provision under state contract law in determining whether to compel arbitration and stay the litigation. *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.,* 174 F.3d 907, 909 (7th Cir.1999). However, there is no need to do this in the present case. The parties have initiated arbitration voluntarily and defendants have withdrawn their motion to compel; all that remains is the motion to stay the proceedings. The Court of Appeals for the Seventh Circuit has stated that district courts have authority to stay proceedings under the "doctrine of abstention applicable to parallel proceedings in judicial and arbitral fora" when the outcome of the judicial proceeding could have a preclusive effect in arbitration. *IDS Life Ins. Co. v. SunAmerica,* Inc., 103 F.3d 524 (7th Cir.1996) (disregarding court's authority to stay action pursuant to section 3 where grant of stay was proper to prevent overlapping parallel judicial and arbitral proceedings). See also *Morrie Mages & Shirlee Mages Foundation v. Thrifty Corp.,* 916 F.2d 402, 407 (7th Cir.1990) (staying action against all defendants proper when only some defendants are party to arbitration agreement).

***6** Because the claim in this case is the same as the claim brought in arbitration, there is a high risk of inconsistency. In light of the strong national policy favoring arbitration and the doctrine of abstention applied to avoid overlapping and potentially inconsistent judicial and arbitral proceedings, the motion to stay the proceeding until arbitration is complete will be granted.

The arbitration may dispose of all the claims at issue. Therefore, I will close this case administratively. Any party can move to reopen if the arbitration leaves some issues unresolved, in which case the parties

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2003 WL 23162309 (W.D.Wis.)
**(Cite as: 2003 WL 23162309 (W.D.Wis.))**

shall have all such rights as if the case had not been closed.

### D. *Motion for 16(f) sanctions*

Defendants have filed a motion asking that sanctions be imposed on plaintiff for its failure to comply with this court's briefing schedule. The briefing schedule imposes a July 7, 2003 deadline for plaintiff to file its brief in opposition to defendants' motions to dismiss. Plaintiff never filed this brief. This court is authorized to impose sanctions for failure to meet briefing schedule deadlines pursuant to Fed.R.Civ.P. 16(f), which provides as follows:

> "if a party or party's attorney fails to obey a scheduling or pretrial order ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just ... In lieu of or in addition to any other sanction, the judge shall require the party or both to pay the reasonable expenses incurred because of any non-compliance with this rule, including attorney's fees, unless the judge finds that the non-compliance was substantially justified or that other circumstances make an award of expenses unjust."

Defendants ask the court to award them "all of their reasonable attorneys' fees and costs in defending this action," reasoning that these costs would not have been necessary had plaintiff complied with the mandatory arbitration clause in the Territory Representative Agreement before instituting legal proceedings.

Rule 16(f) is directed at rectifying the unnecessary costs incurred by one party as a result of the other party's failure to comply with court procedure. See Fed.R.Civ.P. 16 advisory committee's note. Granting sanctions to rectify plaintiff's failure to initiate arbitration would exceed the scope of authority granted by Rule 16(f) to impose sanctions for a party's failure to obey a scheduling or pretrial order. Furthermore, such a sanction would be improper because there has been no decision on the enforceability of the mandatory arbitration provision.

The only filing made by defendants after plaintiff missed its July 7, 2003 deadline is their five page joint and separate reply memorandum, in which they merely retract certain motions and arguments, reiterate the remaining motions and request sanctions. If plaintiff's failure to submit a response had any effect on defendants, it was most likely to lighten their burden by alleviating the burden of replying to any arguments plaintiff might have raised in its response. It does not appear that defendants were prejudiced in any way that warrants rectification. However, the parties should note that this decision not to order sanctions does not mean I condone plaintiff's failure to meet the scheduling deadlines in any way. Should arbitration fail to resolve this conflict finally, plaintiff should be aware that subsequent failures to comply with this court's procedures may result in sanctions.

ORDER

**\*7** IT IS ORDERED that

1. Defendants' motion to dismiss for lack of personal jurisdiction over defendant Grahek is GRANTED and defendant Grahek is DISMISSED from this case without prejudice.

2. Defendants' motion to dismiss for failure to state a claim on which relief can be granted against defendant Grahek is DENIED as moot because defendant Grahek is dismissed for lack of personal jurisdiction.

3. Defendants' motion to stay this proceeding until arbitration is completed is GRANTED.

4. Defendants' motion for sanctions under Fed.R.Civ.P. 16(f) is DENIED.

W.D.Wis.,2003.
E & G Franchise Systems, Inc. v. Grahek
Not Reported in F.Supp.2d, 2003 WL 23162309 (W.D.Wis.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.