# Exhibit 3

Westlaw.

Page 1

Not Reported in F.Supp.2d, 2008 WL 2783528 (W.D.Wis.)
**(Cite as: 2008 WL 2783528 (W.D.Wis.))**

Only the Westlaw citation is currently available.

United States District Court,
W.D. Wisconsin.
MENARD, INC., Plaintiff,
v.
SKYLINE PALLETS SERVICE, INC., Leticia Mancilla, and Agustin Mancilla, Defendants.
No. 3:08-CV-086-BBC.

July 15, 2008.

Thomas W. Anderson, Herrick & Hart, S.C., Eau Claire, WI, for Plaintiff.

Heather Curnutt, Lawton & Cates, S.C., Madison, WI, for Defendants.

ORDER

BARBARA B. CRABB, District Judge.

**\*1** In this civil action, plaintiff Menard Inc., alleges that defendants Skyline Pallets Service Inc., Agustin Mancilla and Leticia Mancilla engaged in theft, conspiracy to commit theft, unjust enrichment and breach of contract when they took pallets from plaintiff's distribution center in Illinois without paying or informing plaintiff, instead setting up a side deal with one of plaintiff's employees. Jurisdiction is present under 28 U.S.C. § 1332. This case is now before the court on defendants' motion to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue.

Defendants Skyline, Agustin Mancilla and Leticia Mancilla have moved to dismiss plaintiff's complaint against them for lack of personal jurisdiction. Plaintiff contends that jurisdiction exists under Wisconsin's long-arm statute and comports with constitutional due process requirements. Because I conclude that the defendants do not have sufficient contacts with the state under either Wisconsin's long-arm statute or the constitutional requirements of due process to support this court's exercise of personal jurisdiction over them, their motion to dismiss for lack of personal jurisdiction will be granted. With this grant of dismissal for lack of personal jurisdiction, defendants' motion to dismiss for improper venue will be dismissed as moot.

When a party files a motion to dismiss for lack of personal jurisdiction, the court has two options. It may hold a hearing or issue a ruling based on the parties' written submissions. When the court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir.2003); *Hyatt International Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir.2002). However, when the district court rules on a defendant's motion to dismiss in reliance on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff "need only make out a prima facie case of personal jurisdiction." *Id.* In evaluating whether the prima facie standard has been satisfied, the plaintiff "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Foundation,* 338 F.3d at 782; *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1275 (7th Cir.1997). Because no hearing has been held on the parties' motion to dismiss for lack of personal jurisdiction, I have construed all facts regarding personal jurisdiction in favor of plaintiff, the nonmoving party.

For the purposes of deciding the pending motions, I find the following facts from the parties' submissions.

I. *JURISDICTIONAL FACTS*

Plaintiff Menard, Inc., is a corporation organized under the laws of the state of Wisconsin with its principal place of business in Eau Claire, Wisconsin. Defendant Skyline Pallets Service Inc., is a corporation organized under the laws of the state of Illinois with its principal place of business in Franklin Park, Illinois. Defendant Skyline is in the business of purchasing used pallets and repairing and selling them to manufacturing companies. Defendant Agustin Mancilla is secretary and chief executive officer of defendant Skyline. Defendant Leticia Mancilla is president of defendant. Defendants Agustin Mancilla and Leticia Mancilla are citizens of Illinois.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 2783528 (W.D.Wis.)
**(Cite as: 2008 WL 2783528 (W.D.Wis.))**

**\*2** Around October 10, 2000, Skyline began purchasing and receiving pallets from plaintiff. After 2000, the parties entered into additional agreements for defendant Skyline to purchase pallets from plaintiff. Defendant Skyline received pallets from plaintiff's distribution center in Plano, Illinois. Plaintiff sent defendants invoices for pallet purchases from its headquarters in Eau Claire, Wisconsin and defendant Skyline sent payments to plaintiff's headquarters. Defendants made routine telephone calls to plaintiff's employees in Eau Claire to request the purchase of pallets from plaintiff's Plano distribution center. Defendants had no other customers in Wisconsin.

Beginning sometime in 2006, on at least ten occasions, defendant Agustin Mancilla made discounted cash payments to Tyler Hansen in exchange for pallets defendant Skyline received from plaintiff's Plano distribution center. Defendant Leticia Mancilla was aware of the cash transactions. Hansen was plaintiff's Wood Recycling Manager and at the time was in charge of directing pallet sales from the Plano distribution center. Hansen's office was at plaintiff's headquarters in Eau Claire. Plaintiff had no knowledge of the deal between defendants and Hansen and received no compensation from it.

On at least nine occasions, defendant Agustin Mancilla made the cash payments to Hansen in Illinois. However, defendant Agustin Mancilla made one or more cash payments to Hansen while in Wisconsin. On February 20, 2007, defendant Agustin Mancilla made one such payment to Hansen in the Milwaukee area when Agustin was in the state for other reasons.

### DISCUSSION

#### A. *Personal Jurisdiction*

Personal jurisdiction is "an essential element of the jurisdiction" without which the court is "powerless to proceed to an adjudication" of the merits of a lawsuit. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (citing *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382, 57 S.Ct. 273, 81 L.Ed. 289 (1937)). A federal court has personal jurisdiction over a nonconsenting, nonresident defendant if a court of the state in which that court sits would have jurisdiction over the lawsuit. *Giotis v. Apollo of the Ozarks, Inc.,* 800 F.2d 660, 664 (7th Cir.1986).

Under Wisconsin law, determining whether personal jurisdiction may be exercised requires a two-step inquiry. First, the court must determine whether each defendant is subject to jurisdiction under Wis. Stat. § 801.05, Wisconsin's long-arm statute. *Kopke v. A. Hartrodt S.R.L.,* 2001 WI 99, ¶ 8, 245 Wis.2d 396, 629 N.W.2d 662. Then, if the statutory requirements are satisfied, the court must consider whether the exercise of jurisdiction over each defendant comports with due process requirements. *Id.* The plaintiff bears the minimal burden of making a prima facie showing that constitutional and statutory requirements for the exercise of personal jurisdiction are satisfied. *Id.*

1. *Wisconsin's long arm statute*

**\*3** Plaintiff contends that personal jurisdiction over defendants is warranted under §§ 801.05(3) and 801.05(4)(a), the tort provisions of Wisconsin's long arm statute and § 801.05(5), the contract provision.

a. Wis. Stat. § 801.05(3)

Wis. Stat. § 801.05(3) authorizes an exercise of jurisdiction "in any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant." Defendants' alleged theft of pallets from plaintiff's distribution center in Illinois is the only "injury to person or property" alleged in this case. Thus, the only question is whether the alleged theft of pallets "aris[es]" out of any in-state "act" by defendants. Plaintiff contends that theft of pallets arose out of defendant Agustin Mancilla's in-state cash payments to Hansen for pallets.

In order for an injury to arise out of a given act under § 801.05(3), "there must be some sort of causal relationship between the local contacts and the injury," although these contacts need not be "substantial." *Insolia v. Philip Morris, Inc.,* 31 F.Supp.2d 660, 668 (W.D.Wis.1998). In this case, plaintiff contends that there is a causal relationship between defendants' in-state cash payments and the theft of pallets in Illinois because defendants likely would not have stolen the pallets from Illinois without Hansen's help, and Hansen asked for cash payments. However, the chain between the theft of pallets and the in-state cash payments is simply too tenuous to be "causal": al-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 2783528 (W.D.Wis.)
**(Cite as: 2008 WL 2783528 (W.D.Wis.))**

though *the agreement* may enjoy a causal relationship with the theft of pallets, the in-state payments did no more than satisfy what happened to be the terms of that agreement. Because plaintiff has failed to point to an in-state act having a causal relationship with the alleged injury, it has failed to establish a prima facie case for jurisdiction under § 801.05(3).

b. Wis. Stat. § 801.05(4)(a)

Wis. Stat. § 801.05(4)(a) authorizes jurisdiction "in any action claiming injury to person or property within the state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of injury ... solicitation or service activities were carried on within this state by or on behalf of the defendant." This statutory provision requires a showing of three elements: plaintiff's injury within the state, an out-of-state act by defendant and solicitation or service activities by defendant. In this case, plaintiff contends that it suffered an in-state injury related to a loss of pallets in its Illinois distribution center caused by defendants' out-of-state theft, and that defendant carried on the required element of solicitation by making calls to its Wisconsin headquarters to request pallets.

As to the injury provision, plaintiff contends that its injury occurred "within the state" as required by § 801.05(4) because plaintiff's headquarters is in Wisconsin and employees at its headquarters directed sales in Illinois, processed payments and sent invoices. Plaintiff's argument gives short shrift to the provision of the statute requiring an injury within the state and relies instead on its contention that defendants solicited within the state. The presence of the plaintiff's headquarters within the state does not transfer all out of state injuries here. Plaintiff alleges a theft of property in Illinois: the injury occurred there. Plaintiff does not make the required prima facie showing of an injury within the state as required under § 801.05(4). Therefore, it is not necessary to address the solicitation portion of § 801.05(4)(a).

c. Wis. Stat. § 801.05(5)

**\*4** Plaintiff's final argument is that defendants are subject to personal jurisdiction under Wis. Stat. § 801.05(5) because of defendants' alleged breach of contract. Although plaintiff does not identify which of the five subsections of § 801.05(5) it believes apply to defendants, it is clear from the facts proposed by the parties that only §§ 801.05(5)(b)or 801.05(5)(e) could possibly apply.

Wis. Stat. § 801.05(5)(b) authorizes the exercise of personal jurisdiction in any action that "[a]rises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant."

The only facts related to "services" performed in Wisconsin are activities performed by plaintiff at its headquarters. Plaintiff sent invoices from within the state and received payments from defendants at its headquarters. Plaintiff's employees also received calls within the state from defendants to request pallets from the Plano distribution center. The question is whether these activities amount to in-state "services" as required by § 801.05(5)(b). Producing invoices, requesting payments, processing of those payments or taking phone orders for new sales are not "services" performed for defendant. These are activities that serve *plaintiff*. *Federated Rural Electric Insurance Corp. v. Inland Power and Light Company,* 18 F.3d 389, 393-394 (7th Cir.1994) (an insurance company's processing of claims in Wisconsin not likely a "service" under § 801.05(5)). If anything, in this case, the only "service" plaintiff provided defendant under their agreements was an out-of-state service: providing pallets in Illinois. Therefore, § 801.05(5)(b) of the long-arm statute is inapplicable.

Subsection 801.05(5)(e) applies to any action that "[r]elates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred." The only thing plaintiff received from defendants was payment for pallets. Under Wisconsin law, plaintiff's receipt of money payments in the state from defendants cannot qualify as a "thing of value" under this subsection. *Nagel v. Crane Cutter Company,* 50 Wis.2d 638, 645, 184 N.W.2d 876, 879 (1971). As the Wisconsin Supreme Court held in *Nagel,* a money payment does not constitute a "thing of value" under Wis. Stat. § 262.05, the predecessor to § 801.05, because the "mere sending of money into this state, without more, cannot constitute a substantial minimum contact within the purview of due process requirements." *Id.*

Not Reported in F.Supp.2d, 2008 WL 2783528 (W.D.Wis.)
**(Cite as: 2008 WL 2783528 (W.D.Wis.))**

In summary, plaintiff has failed to make a prima facie showing that defendants qualify for this court's exercise of personal jurisdiction under any provision of the Wisconsin long-arm statute.

*2. Due process*

Even if plaintiff had shown that provisions of the long-arm statute applied to defendants, jurisdiction would not be warranted under the second prong of the court's inquiry. It would violate due process to exercise personal jurisdiction over defendants given their lack of sufficient minimum contacts with the state.

**\*5** Once the requirements of the long-arm statute have been met, the court must determine whether the exercise of jurisdiction over each defendant comports with due process. Kopke, 2001 WI 99, ¶ 8, 245 Wis.2d 396, 629 N.W.2d 662. The first step of the due process inquiry is whether each defendant "purposefully established minimum contacts in the forum State." *Burger King,* 471 U.S. at 474. If a defendant is determined to have sufficient minimum contacts with the state, the court then considers those contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King,* 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); Hyatt International Corp. v. Coco, 302 F.3d 707, 716 (7th Cir.2002). The crucial inquiry is whether a defendant's contacts with the state are such that it should reasonably anticipate being haled into court because it has "purposefully availed itself" of the privilege of conducting activities in the forum state, invoking the benefits and protections of the state's laws. International Medical Group, Inc. v. American Arbitration Association, Inc., 312 F.3d 833, 846 (7th Cir.2002) (citing Burger King, 471 U.S. at 474).

Personal jurisdiction may be either specific or general. Specific jurisdiction is established when a lawsuit "arise[s] out of" or is "related to" a party's minimum contacts with the forum state. Hyatt International Corp., 302 F.3d at 716. General jurisdiction over a defendant is established when a suit does not arise out of a defendant's contacts with the state. *Burger King,* 471 U.S. at 415. Plaintiff does not attempt to meet the requirements of general jurisdiction; the only question is whether this court may exercise specific jurisdiction over defendants.

Defendants have no other customers in the state and their only contacts with plaintiff in Wisconsin were phone calls and payments sent related to the purchase and receipt of pallets in Illinois. Perhaps recognizing that out-of-state phone calls and mailing cannot establish "minimum contacts," plaintiff contends that the parties' contractual relationship by itself is enough to subject defendants to personal jurisdiction because defendants "reach[ed] out beyond one state and creat[ed] continuing relationships and obligations with citizens of another state." *Burger King,* 471 U.S. at 473 (quoting Travelers Health Association. V. Virginia, 339 U.S. 643, 647, 70 S.Ct. 927, 94 L.Ed. 1154 (1950)). This argument ignores the holding in *Burger King* that a contractual relationship alone is not enough to establish sufficient minimum contacts. *Burger King,* 471 U.S. at 478. A court must consider the parties' prior negotiations, the contemplated future consequences, the terms of the contract and the parties' actual course of dealing to determine whether the defendant purposefully established minimum contacts within the forum as opposed to "random, fortuitous or attenuated" contacts. *Id.* at 479-80 (citation omitted). Where a contract itself has substantial connections with the state, such as ongoing regulation from within the state, a defendant can be said to have "reached out" to the state and minimum contacts may be established. *Id.* at 478-79. On the other hand, a contract anticipating no more than phone calls and payments to the state is not likely sufficient to establish minimum contacts. Federated Rural Electric, 18 F.3d at 395.

**\*6** In this case, defendants' apparent contractual relationship related to their purchase of pallets in Illinois. Plaintiff has adduced no evidence that defendants made any visits to Wisconsin under the contract or received any pallets from Wisconsin. At most, the parties anticipated that defendants would send payments to plaintiff's in-state headquarters and call plaintiff there to purchase pallets they would receive in Illinois. This is not enough to establish that defendants purposefully established minimum contacts with the state.

Next, plaintiff contends that personal jurisdiction is established because defendant Agustin Mancilla

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 2783528 (W.D.Wis.)
**(Cite as: 2008 WL 2783528 (W.D.Wis.))**

made cash payments to Hansen in the state. However, defendant Agustin Mancilla's in-state cash payments can be said to be only an "attenuated" contact insufficient to establish jurisdiction. *Burger King,* 471 U.S. at 475 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. at 774). The pallets were allegedly stolen in Illinois and at least nine payments to Hansen related to the theft were made in Illinois. The one or more payments made in Wisconsin related only nominally to the actual thefts. Moreover, whether the defendant solicited the transaction in question within the forum is a factor courts consider when determining whether the defendant purposefully availed itself of the forum. *Federated Rural Electric,* 18 F.3d at 394 (citing *Madison Consulting Group v. State of South Carolina,* 752 F.2d 1193, 1202 (7th Cir.1985); *L.B. Sales Corp. v. Dial Mfg.,* Inc, 593 F.Supp. 290, 295 (E.D.Wis.1984). In *Madison Consulting,* the court held that a defendant purposefully established contacts with the state through active solicitation of services of a Wisconsin partnership. *Madison Consulting,* 752 F.2d at 1203. In this case, the parties indicate that the transactions in question, cash payments, were made in Wisconsin while the defendant was in the state for other reasons, not because Mancilla actively solicited Hansen to make payments in the state. Finally, to justify being forced to litigate in an inconvenient forum, the defendant must have derived some benefit from the state. *Federated Rural Electric,* 18 F.3d at 394 (citing *Afram Export Corp. V. Metallurgiki Halyps, S.A.,* 772 F.2d 1358, 1362 (7th cir.1985). In this case, there is no clear benefit to defendant Mancilla for payments made in the state. There is no evidence that the payments had any connection with Wisconsin beyond the fact that defendant Mancilla happened to be there when he made the payments. The evidence of cash payments alone is not enough to warrant an exercise of personal jurisdiction over defendants because it does not establish that defendant Agustin Mancialla purposefully availed himself of the forum in order to make the cash payments.

Plaintiff has failed to establish a prima facie case that defendants established minimum contacts with Wisconsin. Therefore, it would violate due process to exercise personal jurisdiction over defendants.

### B. *Improper Venue*

**\*7** Because defendants' motion to dismiss for lack of personal jurisdiction will be granted, defendants' motion to dismiss for improper venue will be denied as moot.

### ORDER

IT IS ORDERED that

1. Defendants Skyline Pallets Services, Inc., Agustin Mancilla and Leticia Mancilla's motion to dismiss for lack of personal jurisdiction is GRANTED and plaintiff Menard Inc.'s complaint is DISMISSED for lack of personal jurisdiction.

2. Defendant Skyline Pallets Services Inc., Agustin Mancilla and Leticia Mancilla's motion to dismiss for improper venue is DENIED as moot.

3. The clerk of court is directed to enter judgment for defendants and close this case.

W.D.Wis.,2008.
Menard, Inc. v. Skyline Pallets Service, Inc.
Not Reported in F.Supp.2d, 2008 WL 2783528 (W.D.Wis.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.